UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

RAPHAEL DEKEMPER,            )
                             )
            Petitioner,      )
                             )
v.                           )      No. 1:08-cv-594-DFH-JMS
                             )
SUPERINTENDENT WRIGLEY,      )
                             )
            Respondent.      )

**Entry Discussing Petition for Writ of Habeas Corpus**

This cause is before the court on the petition of Raphael DeKemper ("DeKemper") for a writ of habeas corpus, on the respondent's return to order to show cause, on the petitioner's traverse, and on the expanded record.

Having considered such pleadings and record, and being duly advised, the court finds that DeKemper's petition for writ of habeas corpus must be denied and this action dismissed with prejudice.

**Discussion**

In a disciplinary proceeding identified as No. NCF 07-10-0078, DeKemper was found by a conduct board to have violated prison rules by being "insolent." The evidence favorable to the decision of the conduct board, see *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the . . . [conduct board's] decision only if no reasonable adjudicator could have found. . . [the petitioner] guilty of the offense on the basis of the evidence presented"), is that on October 12, 2007, DeKemper approached Officer Wickware and asked why he was being moved from housing unit D to housing unit G. Officer Wickware said it was because DeKemper had given case manager Young a piece of metal and told her not to say anything about it. DeKemper became very verbal. Officer Wickware told DeKemper to tell or write him where he had obtained the item and DeKemper said "F___ you m____ f____." DeKemper started screaming "F __ you" at the officer as DeKemper walked closer. DeKemper was charged with disorderly conduct and was found guilty of a lesser offense of "insolence."

DeKemper seeks a writ of habeas corpus with respect to the above proceeding, contending that it suffers from constitutional infirmities. Specifically, DeKemper contends that: 1) he was not allowed to read or present his written formal statement; 2) his request for Officer Veiley as a witness was denied; 3) he was not given a copy of or allowed to review the hearing decision; and 4) the conduct board denied his request for a continuance.

The writ DeKemper seeks can be issued only if the court finds that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). This standard excludes claims based on asserted errors of state law, which cannot be raised in a habeas corpus proceeding. *See Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991); *Kurzawa v. Jordan,* 146 F.3d 435, 440 (7th Cir. 1998). Nonetheless, Indiana state prisoners have a liberty interest in their good-time credits and therefore are entitled to due process before the state may revoke them. *Wolff v. McDonnell,* 418 U.S. 539, 557 (1974); *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004). The right to due process in this setting is important and is well-defined. Due process requires the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *See Superintend., Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 564, 566, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000). In addition, Indiana prisoners must pursue their available administrative remedies before filing a habeas petition. *Eads v. Hanks,* 280 F.3d 728, 729 (7th Cir. 2002); *Markham v. Clark,* 978 F.2d 993, 995 (7th Cir. 1992). The failure to do so, whether pertaining to the remedy as a whole or to the inclusion in an administrative appeal of each claim which is later asserted in a federal habeas petition, constitutes a procedural default.

Under *Wolff* and *Hill,* DeKemper received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) DeKemper was given the opportunity to appear before the conduct board and make a statement concerning the charge, (2) the conduct board issued a sufficient statement of its findings, (3) the conduct board issued a written reason for its decision and for the sanctions which were imposed, and (4) the proceedings were not otherwise tainted by prejudicial error. His claims that he was denied the protections afforded by *Wolff* and *Hill* are either refuted by the expanded record or based on assertions which do not entitle him to relief.

- DeKemper's first claim is that he was not allowed to read or present his written formal statement into evidence during the hearing. To the contrary, the hearing report reflects that DeKemper's statement was considered as evidence. The hearing report reflects that DeKemper stated that he was turning in a piece of metal to the officer and that the officer told DeKemper that he was going to charge DeKemper with having a weapon. DeKemper does not allege what additional statement, whether written or oral, he wanted to make, nor how he was prejudiced by not having such statement made part of the record.

- DeKemper argues that his right to have Officer Veiley appear as a witness was denied. Prisoners have the right to call witnesses to testify on their behalf at disciplinary hearings when consistent with institutional safety and correctional goals. *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993)(citations omitted). However, that right is not an unlimited right. *Sweeney v. Parke,* 113 F.3d 716, 719 (7th Cir. 1997). Thus, for example, prison disciplinary officials need not permit the presentation of irrelevant or repetitive evidence in order to afford prisoners due process in

disciplinary proceedings. *Forbes v. Trigg,* 976 F.2d 308, 318 (7th Cir. 1992). The screening report, signed by DeKemper, does not indicate that he made any request for witnesses. Moreover, DeKemper does not assert what the other officer might have said. He does not allege that such witness would state that DeKemper was neither insolent nor swore at the reporting officer. Under these circumstances, DeKemper's limited right to call witnesses was not violated.

- DeKemper claims that he was not given a copy of the hearing report. DeKemper did not sign the report, but that appears to be because he was "belligerent" at the time (notation on signature line). DeKemper timely filed his administrative appeals and was aware at that time of the conduct board's findings. To the extent his own conduct prevented him from obtaining a copy of the report immediately after the hearing, there is no due process error.

- DeKemper claims that his request for a continuance to obtain a statement from Officer Veiley was not entered into the record and was denied without any reason. This claim was not included in DeKemper's administrative appeals, and hence has not been preserved for consideration here. *Eads v. Hanks,* 280 F.3d 728, 729 (7th Cir. 2002); *Markham v. Clark,* 978 F.2d 993, 995 (7th Cir. 1992). DeKemper could overcome this procedural default through a showing of cause and prejudice or that a fundamental miscarriage of justice would result if the merits of his claim are not reached. *Aliwoli v. Gilmore,* 127 F.3d 632, 634 (7th Cir. 1997) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). He has not, however, made such a showing and, in fact, has not pressed this claim in his traverse.

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles DeKemper to the relief he seeks. Accordingly, DeKemper's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

So ordered.

Date: April 7, 2009

DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana